UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW HEAVEN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Civ. No. 25-1214 (UNA) |
| | ) |
| JOHN DOE 1, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2), *pro se* complaint (ECF No. 1), and motions for waiver of PACER fees (ECF No. 3) and to correct a clerical error (ECF No. 4). The Court will grant the application, dismiss the complaint and this civil action without prejudice, and deny the motions without prejudice as moot.

Plaintiff brings this action against five unidentified Defendants, all of whom allegedly are affiliated with the Federal Bureau of Investigation and who, on the FBI's behalf, "intentionally orchestrated a trap targeting Plaintiff." Compl. ¶ 44. Defendants allegedly have engaged in all manner of wrongdoing, including, for example, creating "records asserting that Plaintiff was an incompetent driver," *id*. ¶ 15, gaining "unauthorized access to [his] phone and hack[ing] it," *id*. ¶ 9, causing an unidentified individual to "mega aggressively [knock] on the door of Plaintiff's residence . . . , displaying extreme hostility and seemingly intending to cause distress and fear to Plaintiff and his family," *id*. ¶ 49, "us[ing] symbolism behind dates and numbers," *id*. ¶ 53, and "installing unauthorized remote access technology to commandeer [the control system of Plaintiff's vehicle] while Plaintiff operated the vehicle." *id*. ¶ 56. They have done so, on

1

Plaintiff's telling, as part of a conspiracy "to stage a vehicle collision intended to result in Plaintiff's death." *Id.* ¶ 55. Plaintiff has, as a result, allegedly sustained physical injuries, "Cyber Intrusion," and "Psychological Torture" because of Defendants' "Threats [and] surveillance . . . by using sophisticated tricks," *id.* ¶ 59, among other harms, *see, e.g., id.* ¶¶ 62-65, for which he demands an award of $5 billion, *id.* ¶ 1.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint falls into this category.

Because the complaint's fanciful and irrational allegations do not amount to an actual legal claim over which the Court may exercise jurisdiction, and because the complaint fails to

identify the defendants, who are sued in their individual capacity, the Court dismisses the complaint and this civil action without prejudice.

    A separate order will issue.

/s/
RANDOLPH D. MOSS
United States District Judge

DATE: May 9, 2025